UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHEA HOLLOMAN<br>17 Courtyard Lane, Apt. 2<br>Wilmington, DE 19802<br><br>        Plaintiff,<br><br>v.<br><br>ARCHDIOCESE OF PHILADELPHIA<br>227 N. 18th Street<br>Philadelphia, PA 19103<br>        and<br>CATHOLIC HEALTH SERVICES, LLC<br>d/b/a Catholic Health Group<br>701 Lansdale Ave.<br>Lansdale, PA 19446<br>        and<br>1412 LANSDOWNE OPERATING, LLC<br>d/b/a St. Francis Center for Rehabilitation<br>and Health Care<br>701 Lansdale Ave.<br>Lansdale, PA 19446<br>        and<br>CENTER MANAGEMENT GROUP, LLC<br>141-16 72nd Avenue<br>Flushing, New York 11367<br><br>        Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Rhea Holloman (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Archdiocese of Philadelphia, Center Management Group, LLC, 1412 Lansdowne Operating, LLC, and Catholic Health Services, LLC (hereinafter collectively referred to as "Defendants" unless otherwise indicated), and avers as follows:

## INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendants of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et seq.*). As a result of Defendants' unlawful actions, Plaintiff has suffered the damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult female with an address as set forth in the above caption.

7. Defendant Archdiocese of Philadelphia (*hereinafter* "Defendant AOP") is a non-profit regional religious organization operating schools, religious institutions, nursing facilities, and a host of other programs throughout the Philadelphia region.

8. Defendant Center Management Group (*hereinafter* "Defendant CMG") is headquartered at the above-captioned address and is in the business of providing health care management services throughout Pennsylvania, New Jersey, and New York.

9. Defendant Catholic Health Care Services, LLC (*hereinafter* "Defendant CHCS"), which has been deemed "Stewards of the Catholic Tradition in the Archdiocese of Philadelphia" and was responsible for operating several of Defendant AOP's facilities, including the facility that Plaintiff worked, located at 1412 Lansdowne Ave, Lansdale Pennsylvania until in or about June of 2014. Since in or about June of 2014, Defendant CHCS is still deemed "Stewards of the Catholic Tradition in the Archdiocese of Philadelphia" but is now affiliated with Defendant CMG, as Defendant CMG entered into a sale agreement with Defendant AOP's for several of its nursing facilities in or about June of 2014 (including the facility at which Plaintiff worked). Upon information and belief the sale agreement between Defendant DMG and Defendant AOP was made final in the fall of 2014. Defendant CHCS still operates the facility at which Plaintiff worked, located at 1412 Lansdowne Ave, Lansdale Pennsylvania.

10. Defendant 1412 Lansdowne Operating, LLC (*hereinafter* "Defendant LO") is the nursing and rehabilitation facility at which Plaintiff worked. Until in or about the fall of 2014, Defendant LO was owned by Defendant AOP and operated by Defendant CHCS. Upon information and belief, in June of 2014 Defendant CMG entered into a sale agreement for the purchase of Defendant LO but the facility. Upon further information and belief the sale of

Defendant LO to Defendant CMG became final in the fall of 2014 and is still operated by Defendant CHCS.

11. Upon information and belief all Defendants overlapped in management and operations of the location at which Plaintiff worked during the time of her termination. Upon further information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors - during the time of Plaintiff's termination - Defendants were sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single, joint and/or integrated employer for purposes of the instant action.

5. Separate and apart Defendant CMG is also liable herein under the Successor Liability Doctrine as follows:

    a) Defendant CMG has been on notice of Plaintiff's potential and actual legal claims, as Defendant CMG entered into a sale agreement with Defendant AOP in June of 2014 and upon information and belief had oversight over the management and operations of the location at which Plaintiff worked at the time of her termination in October of 2014. Defendant's aforementioned oversight and management of Plaintiff's work location was sufficient enough to know that Plaintiff was terminated for discriminatory and/or retaliatory reasons;

    b) Defendant CMG has maintained the entire continuity of operations of Defendant AOP without interruption and performs the identical services

4

for the same clientele with the same underlying employees who worked for Defendant AOP; and

c) Defendant CMG is in the best and only position to provide relief sought herein as it is unclear at this stage of the litigation whether Defendant AOP is capable of providing any relief having divested itself of the business operations which employed Plaintiff and its assets therein.

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

13. Defendants are "employers" within the meaning of the FMLA because at all times relevant herein, Defendants have employed at least fifty (50) or more full-time employees within the present or preceding calendar year and engages in a business that affects interstate commerce.

## FACTUAL BACKGROUND

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. Plaintiff is an adult female.

16. Plaintiff worked for Defendants for approximately five (5) years until Defendants eventually terminated her employment in or about October of 2014 (discussed further *infra*).

17. During her employment with Defendants, Plaintiff worked full-time as a License Practical Nurse.

18. While employed with Defendants, Plaintiff requested intermittent time off from work to care for her daughter's serious health condition.

19. Even though Plaintiff would inform management each time that she was calling out of work for her daughter's serious health condition, Defendants never informed Plaintiff of her individualized FMLA rights; thus, Defendants failed to follow proper notice, designation, and informational regulations required by the FMLA.

20. It was not until Plaintiff was disciplined in or about late Summer of 2014 for her absences (related to her daughter's health condition) that Plaintiff's Director of Nursing, one Julia Cao, informed Plaintiff of her individualized FMLA rights.

21. In or about late Summer of 2014, Cao informed Plaintiff that John Chatman (Defendants' Administrator) was upset that she had been missing time for her daughter's health condition and that she could apply for FMLA to protect her job while taking such leave.

22. Shortly after speaking with Cao regarding her ability to seek FMLA, Plaintiff requested FMLA paperwork from Defendants' management.

23. Approximately three (3) weeks before her termination from Defendants (as discussed *infra*), Plaintiff submitted her FMLA paperwork to Defendants' Human Resources Department for approval.

24. Less than two (2) weeks after submitting her FMLA paperwork to Defendants' Human Resources Department (as discussed *supra*), Plaintiff was informed by Defendants' management that she was being suspended because she was "disrespectful to a supervisor."

25. Plaintiff was never told the circumstances surrounding the event that led to her aforementioned suspension, who specifically she was disrespectful to, and was given no opportunity to participate in any investigation that Defendants allegedly conducted.

26. After being suspended for a period of approximately 10 days without any communication from Defendants' management, Plaintiff was finally informed that her

employment with Defendants was terminated because "administration said that [her] services were no longer needed."

27. Plaintiff maintains that she was never disrespectful to any supervisor and believes that she was really terminated because she requested FMLA leave for her daughter's serious health condition.

## Count I
## Violations of the Family and Medical Leave Act ("FMLA")
### (Interference & Retaliation - Wrongful Termination & Wrongful Suspension)
### -Against All Defendants-

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

30. Plaintiff requested leave from Defendants, her employers, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

31. Plaintiff had at least 1,250 hours of service with the Defendants during her last full year of employment.

32. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

33. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

34. Plaintiff requested and utilized FMLA-qualifying leave on an as needed basis to care for her daughter's serious health condition, primarily depression.

35. Defendants' management exhibited hostility towards Plaintiff's needs for FMLA-qualifying leave.

36. Defendants committed interference and retaliation violations under the FMLA by: (1) suspending Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (3) by considering Plaintiff's FMLA leave needs in making the decision to suspend and/or terminate her; and (4) by failing to inform Plaintiff of her individualized FMLA rights and issuing her discipline for taking FMLA-qualifying leave on a intermittent basis.

37. These actions as aforesaid constitute interference and retaliation violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/interference/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esquire
Attorney for Plaintiff
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020

Dated: June 9, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RHEA HOLLOMAN | : | CIVIL ACTION |
| v. | : | |
| ARCHDIOCESE OF PHILADELPHIA, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                     (X)

| 6/10/2015 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 17 Courtyard Lane, Apt 2, Wilmington, DE 19802

Address of Defendant: 227 N 18th St, Philadelphia, PA 19103/701 Landsale Ave, Lansdale, PA 19446/141-16 72nd Ave, Flushing, NY 11367

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/10/2015   _____ARK2484_____
Attorney-at-Law   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/10/2015   _____ARK2484_____
Attorney-at-Law   Attorney I.D.# 91538

CIV. 609 (5/2012)

*JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
HOLLOMAN, RHEA

(b) County of Residence of First Listed Plaintiff: New Castle

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
ARCHDIOCESE OF PHILADELPHIA, et al.

County of Residence of First Listed Defendant: Philadelphia

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family and Medical Leave Act "FMLA" 29USC2601
Brief description of cause:
Violations of the FMLA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE
DOCKET NUMBER

Explanation:

DATE: 6/10/2015

SIGNATURE OF ATTORNEY OF RECORD

[ Print ] [ Save As... ] [ Export as PDF ] [ Retrieve PDF File ] [ Reset ]